UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| MELVIN LOGAN, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Civil No. 10-353-P-W |
| | ) |
| STATE OF MAINE, | ) |
| | ) |
| Respondent | ) |

**RECOMMENDED DECISION ON 28 U.S.C. § 2254 PETITION**

Melvin Logan has filed a 28 U.S.C. § 2254 petition. He was convicted in the State of Maine of seventeen Class D counts of possession of sexually explicit materials. I now recommended that the court deny Logan § 2254 relief for the following reasons.

**Discussion**

Logan was sentenced on September 20, 2007, and was required to serve a total of seven years with all but eighteen months suspended. He unsuccessfully applied for a leave to appeal his sentence and also filed a direct appeal and the Maine Law Court affirmed his conviction on December 16, 2008. Logan did not petition for certiorari review by the United States Supreme Court and his conviction became final for purposes of calculating the 28 U.S.C. § 2244(d)(1) one-year limitation period on March 16, 2009. More than one-year later, on July 21, 2010, Logan filed a pro se petition for state post-conviction review and the Superior Court summarily dismissed the petition for being time-barred under 15 M.R.S. § 2128(5). Crucial to the following discussion is the fact that Logan did not seek a discretionary appeal of that October 6,

2010, determination.[1]  This 28 U.S.C. § 2254 petition was signed on August 12, 2010, and received by this Court on August 20, 2010.

There is a statutory gate-keeping exhaustion of state-law remedies requirement with regards to federal habeas challenges of state court determinations.  See 28 U.S. C. § 2254(b)(1)(A).  "To provide the State with the necessary 'opportunity,'" to review his or her claims "the prisoner must 'fairly present' his claim in each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim."  Baldwin v. Reese, 541 U.S. 27, 29 (2004) (emphasis added) (citation omitted); see also O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999); Pike v. Guarino, 492 F.3d 61, 71 (1st Cir. 2007); Jackson v. Coalter, 337 F.3d 74, 85-87 (1st Cir. 2003).  In his 28 U.S.C. § 2254 petition Logan indicates that eleven of his twelve § 2254 grounds were either raised in his untimely state petition for post-conviction review or were not part of that proceeding.  Those claims not raised in any of his prior state court proceedings are patently unexhausted and those included in that petition were not fully exhausted because Logan failed to seek discretionary review of the denial of post-conviction relief.[2]

That leaves one exhausted claim, Logan's eleventh ground in his 28 U.S.C. § 2254 petition.  Ground Eleven reads:

> Defendant employed an individual to promote an adult product over the internet.  In process of duties the employee visited pornographic web sites seeking

---

[1] The docket sheet initially provided by the State was printed on October 20, 2010. (Doc. No. 8-3.)  On his 28 U.S.C. § 2254 petition signed on August 12, 2010,  Logan indicates that he did appeal to the state highest court the state post-conviction order that had not yet issued.  In his October 28, 2010, reply Logan does not dispute the State's representation that he did not appeal the October 6, 2010, summary dismissal. Because it was not absolutely clear that Logan did not seek a certificate of probable cause in a timely fashion I ordered the state to supplement the record with a docket sheet printed after November 10, 2010, and the state has done so.  The November 12, 2010, report indicates that there was nothing filed by Logan.  (Doc. No. 11.)  In addition, Logan filed a pleading in response to my order to supplement expressly stating that he did not seek further review by the Maine Law Court. (Doc. No. 10.)  He reiterates that he feels that he has been disadvantaged by his lack of familiarity with the law in meeting filing deadlines.

[2] Logan indicates that he did raise in his state post-conviction petition an argument for why his state limitations period should be equitably tolled.   He left this conclusion untested by not filing for discretionary review.

> agreement to "swap links." Employee testified at trial he downloaded photographs so defendant could determine sites suitable for link-swap. At trial, shown some of the photos in defendant's Count One through 20, employee was asked, "Did you ever download pornographic images?" He replied, "yes, absolutely." When asked whether a specific photograph, Count One, was a picture he downloaded, employee testified, "I can't say picture for picture what pictures I did and did not put on the hard drive." Upon his arrest after indictment for possessing sexually explicit materials, defendant gave an interview with the officers and [was] shown photos in the indictment. In light of defendant's denial he downloaded any photographs, plus employee's testimony he downloaded many, and fact the photographs at issue were shown to the defendant by law enforcement officers, the "possessing" charge requires outright guessing by the jury as to which photos defendant actually "possessed" that were violations of the law.

(Sec. 2254 Pet. at 19-20.) In his § 2254 petition Logan explains apropos his direct appeal: "The single ground raised by defense attorney was that since another individual testified at trial that he was paid to assist defendant with computer activities, he admitted downloading photos but was unsure if all those at issue were ones he downloaded." (Sec. 2254 Pet. at 3.)

Citing State v. Schmidt, 2008 ME 151, ¶ 19, 957 A.2d 80, 86, the Maine Law Court issued a memorandum decision that ruled: "Contrary to Logan's contention, the evidence was sufficient for the jury to rationally find beyond a reasonable doubt that he possessed the computer images at issue intentionally or knowingly." State v. Logan, Docket No. Cum-07-592, Dec. No. Mem. 08-237 (Dec. 16, 2008). Claims of insufficient evidence to support a jury verdict can rise to the level of a constitutional violation cognizable in a § 2254 proceeding. See Jackson v. Virginia, 443 U.S. 307 (1979); O'Laughlin v. O'Brien, 568 F.3d 287, 298 -302 (1st Cir. 2009); Hurtado v. Tucker, 245 F.3d 7, 14 -20 (1st Cir. 2001).[3]

---

[3] For purposes of this recommendation I am assuming that Logan adequately apprised the Maine Law Court of the constitutional dimensions of the sufficiency of the evidence challenge. The State has not provided the Court with the full record so I do not have the appellate brief at my disposal.

On a related note, the State suggests that if the court disagrees with its argument on the timeliness bar that it "represents that each of the thirteen grounds alleged in the 2254 petition … are also procedurally defaulted or meritless." (State Mot. Dismiss at 3 n.2.) It would be impossible for this court to make such a determination without the State supplying it with more than the docket reports. I have proceeded with this recommendation without the complete record because I have determined that Logan's own showing on exhaustion and equitable

This challenge is exhausted but there still remains the concern about the timeliness of the 28 U.S.C. § 2254 claim as there is no question that the 28 U.S.C. § 2244(d)(1) year fully ran in March 2009 and that there was no statutory tolling as a consequence of a pending state collateral proceeding as that petition was not filed until July 21, 2009. Logan's equitable tolling argument centers on his allegations that his defense attorney was not only negligent in terms of explaining to him what legal remedies were available at the state and federal level "but also actively resisted Petitioner's request to obtain trial evidence and transcripts." (Sec. 2254 Resp. at 2.) He expounds:

> Over a period of months after his initial release from incarceration, Petitioner telephoned and wrote defense counsel seeking evidentiary materials, only to be told that the documents, reports and transcripts would be forthcoming. Petitioner eventually informed this attorney that he would file a complaint with the Overseers of the Bar of Augusta regarding counsel's behavior, which petitioner subsequently did.
> The trial evidence once obtained overflowed a large cardboard box, and all this material, including the discovery documents, required study. Being indigent and unable to secure legal assistance, having no legal training, Petitioner waded through the material over a period of time to discover that the main prosecution witness committed perjury both during the suppression hearing and during trial; that computer crimes lab officials withheld a key report which would have exposed the perjury had it been entered into evidence at trial; that the trial judge issued a ruling pertaining to evidence at the suppression hearing that contradicts computer forensic science; that the Assistant District Attorney manipulated evidence at trial and made unfactual statements in closing argument which violated Petitioner's right to due process under the law; that a prosecution expert witness made conclusions regarding evidence that were flawed; that the defense attorney was either ineffective in representing Petitioner or acting in a manner contrary to his client's best interests.

(Id. at 3-4.)

The State cites Merchant v. Merrill, 509 F.Supp.2d 60 (D. Me. 2007) for the proposition that ineffective assistance of counsel is an insufficient predicate for invoking the extraordinary

---

tolling is insufficient to trigger a review of the merits of his claims. Should the Court disagree it would be necessary to require the state to compile and file a complete compendium of the filings and orders in the criminal matter.

remedy of equitable estoppel. (State Mot. Dismiss at 3 n.3.) In that case this Court relied on the First Circuit's Cordle v. Guarino, 428 F.3d 46, 48 -49 (1st Cir. 2005) and rejected Merchant's equitable tolling argument based on an admitted miscalculation of retained counsel of the 28 U.S.C. § 2244(d) limitation period.[4] In June 2010 the United States Supreme Court decided Holland v. Florida, __ U.S. __, 130 S. Ct 2549 (2010). The Court explained that it had "previously held that 'a garden variety claim of excusable neglect,' … such as a simple 'miscalculation' that leads a lawyer to miss a filing deadline … does not warrant equitable tolling." Id. 130 S.Ct. at 2564 (citation omitted). However, the Court observed that the Holland case did not "involve … a 'garden variety claim' of attorney negligence because the facts presented 'far more serious instances of attorney misconduct,' while reiterating that the circumstances of a case must be 'extraordinary' before equitable tolling can be applied." Id. The Court then set forth the following summary of facts:

> The record facts … suggest that this case may well be an "extraordinary" instance in which petitioner's attorney's conduct constituted far more than "garden variety" or "excusable neglect." To be sure, Collins failed to file Holland's petition on time and appears to have been unaware of the date on which the limitations period expired-two facts that, alone, might suggest simple negligence. But, in these circumstances, the record facts we have elucidated suggest that the failure amounted to more: Here, Collins failed to file Holland's federal petition on time despite Holland's many letters that repeatedly emphasized the importance of his doing so. Collins apparently did not do the research necessary to find out the

---

[4] The Court summarized:
> Mr. McBride filed an affidavit in which he stated that he had been hired by Mr. Merchant's family in April 2006. Decl. of Mark McBride ¶ 6 (Docket # 9-2). He initially calculated the deadline for filing this petition to be July 6, 2006, but then recalculated the date to be October 6, 2006. Id. ¶ 8-9. He later erroneously concluded that the applicable deadline would not lapse until "well into 2007." Id. ¶ 8-9. In early December, 2006, he realized his mistake and, as he did not have local counsel, drafted a petition, which he forwarded to Mr. Merchant, requesting that he file it pro se. Id. ¶ 12. Mr. McBride obtained local counsel in January 2007. Id. ¶ 13. The docket reflects that Mr. Merchant filed the petition on December 18, 2006. Pet. for Writ of Habeas Corpus (Docket # 1) ( Pet.). Although Magistrate Judge Kravchuk does not expressly fix the date the petition was due, it appears that it was due by July 5, 2006. Rec. Dec. at 2; see Mot. to Dismiss at 4 (Docket # 5); but see Resp't Reply to Pet'r Supp. Resp. at 1 ("Merchant's habeas petition ... was filed more than a year after the AEDPA statute of limitations had expired.") ( Resp't Supp. Reply ).

Id. at 61n.1.

> proper filing date, despite Holland's letters that went so far as to identify the applicable legal rules. Collins failed to inform Holland in a timely manner about the crucial fact that the Florida Supreme Court had decided his case, again despite Holland's many pleas for that information. And Collins failed to communicate with his client over a period of years, despite various pleas from Holland that Collins respond to his letters.
>
> A group of teachers of legal ethics tells us that these various failures violated fundamental canons of professional responsibility, which require attorneys to perform reasonably competent legal work, to communicate with their clients, to implement clients' reasonable requests, to keep their clients informed of key developments in their cases, and never to abandon a client. See Brief for Legal Ethics Professors et al. as *Amici Curiae* (describing ethical rules set forth in case law, the Restatements of Agency, the Restatement (Third) of the Law Governing Lawyers (1998), and in the ABA Model Rules of Professional Conduct (2009)). And in this case, the failures seriously prejudiced a client who thereby lost what was likely his single opportunity for federal habeas review of the lawfulness of his imprisonment and of his death sentence.

Id. at 2564-65.

Logan's version of counsel's non-responsiveness to his post-release request for his non-capital criminal case files is not sufficient to meet the Holland parameters for ineffective assistance as a basis for equitable tolling as to the timeliness of the one exhausted claim. For instance, Logan does not adequately explain why he had to wait until after his release to pursue further remedies and to request the information from his attorney. His direct appeal was decided December 16, 2008. Even without statistics at hand, it is certainly fair to say that more often than not § 2254 petitioners start the ball rolling on their state post-conviction while incarcerated by filing a pro se petition. Indeed, Logan's own § 2254 petition shows that he was confined at the Cumberland County Jail when he filed the petition in August 2010 (presumably on a probation revocation as he indicates his current incarceration relates to the underlying conviction). The Maine Superior Courts are often very generous in allowing amendments to the

petition if they survive an initial screening for concerns such as timeliness. [5] Logan does not state that his former attorney misinformed him about filing deadlines or that he took any independent action to ascertain the deadlines on his own accord. See Howell v. Crosby, 415 F.3d 1250, 1252 (11th Cir.2005) ("[A]ttorney negligence is not a basis for equitable tolling, especially when the petitioner cannot establish his own diligence in ascertaining the federal habeas filing deadline."). On the facts as presented by Logan, there is an evident lack of reasonable diligence on Logan's part in meeting the state statute of limitations period for his post-conviction claims even crediting his assertion that his attorney was dilatory in getting him his case file. See Holland, 130 S. Ct. at 2565; see also Lattimore v. Dubois, 311 F.3d 46, 55 (1st Cir. 2002) ("[Equitable tolling] is reserved for cases in which circumstances beyond the litigant's control have prevented him from promptly filing. Ignorance of the law alone, even for incarcerated pro se prisoners, does not excuse an untimely filing.") (citations omitted).

I further note as to this one exhausted claim that nothing that Logan claims happened in the interim between his direct appeal and the filing of the post-conviction petition hindered him from proceeding to this Court on this direct appeal claim in a timely manner despite his desire to review his file for other possible challenges such as ineffective assistance of counsel. The question of whether to proceed with an exhausted claim in a timely manner when other possible claims await further resolution in state courts is not an unfamiliar or insurmountable conundrum for state prisoners and the federal courts. See Rhines v. Weber, 544 U.S. 269, 277-79 (2005) ("[I]t likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally

---

[5] The docket sheet filed by the State indicates that Logan was proceeding pro se in his post-conviction proceeding. (Doc. No. 8-3 at 1.) On his 28 U.S.C. § 2254 petition Logan indicates that he had different counsel for a post-conviction proceeding. (Sec. 2254 Pet. at 23.)

7

dilatory litigation tactics. In such circumstances, the district court should stay, rather than dismiss, the mixed petition. In such a case, the petitioner's interest in obtaining federal review of his claims outweighs the competing interests in finality and speedy resolution of federal petitions. For the same reason, if a petitioner presents a district court with a mixed petition and the court determines that stay and abeyance is inappropriate, the court should allow the petitioner to delete the unexhausted claims and to proceed with the exhausted claims if dismissal of the entire petition would unreasonably impair the petitioner's right to obtain federal relief.") (citations to Rose v. Lundy, 455 U.S. 509 (1982) omitted); Duncan v. Walker, 533 U.S. 167, 182-183 (2001) ("[I]n our post-AEDPA world there is no reason why a district court should not retain jurisdiction over a meritorious claim and stay further proceedings pending the complete exhaustion of state remedies.") (Stevens, J. concurring); see also Neverson v. Farquharson, 366 F.3d 32 (1st Cir. 2004). I recognize that 'straight-up' challenges such as this sufficiency of the evidence claim are often interlinked with Sixth Amendment challenges to counsel performance at the trial and appellate level. Although Logan would still face an uphill battle, this § 2254 petition would be in an entirely different posture had Logan adequately exhausted his other grounds by seeking review by the Maine Law Court of his untimely post-conviction petition as those grounds would be before the court as well as the question of whether the summary dismissal was an adequate and independent state law ground in view of the equitable tolling arguments purportedly made by Logan to the post-conviction court.[6]

## Conclusion

For the reasons stated above I recommend that the Court deny Logan 28 U.S.C. § 2254 relief.

---

[6] It is also possible that the Maine Law Court would have agreed with Logan's "estoppel" argument and would have allowed Logan to proceed with his post-conviction petition. Logan describes it as an "estoppel" argument. I am assuming that the argument was in the nature of an equitable tolling claim.

NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ Margaret J. Kravchuk
U.S. Magistrate Judge

November 16, 2010